## WEST v. McLAUGHLIN et al.

Court of Appeals of District of Columbia.
Submitted December 9, 1926. Decided April 4, 1927.

No. 4410.

1. **Executors and administrators ⬸221(5)—** Evidence held to sustain claim against estate of decedent for services rendered in connection with decedent's keeping of boarders and lodgers.

Evidence of services rendered by one occupying relation of sister over a period of eight years in caring for boarders and lodgers *held* to show services not presumed to have been gratuitously performed, and to sustain claim for such services against estate of decedent.

2. **Executors and administrators ⬸430—Fail-ure to make administratrix party defendant to action for sale of decedent's realty to pay claim held not fatal omission (Code, §§ 96, 119).**

In action under Code, §§ 96, 119, against the sole heir at law and next of kin of one deceased, to compel sale of decedent's real estate to pay claim against decedent, her personal estate being insufficient, failure to join decedent's administratrix as party defendant *held* not fatal omission, where defendant sole heir was also sole administratrix and personally appeared and answered bill.

3. **Executors and administrators ⬸443(6)—** Plaintiff, suing for sale of decedent's realty to satisfy claim, must allege and prove insufficiency of personal assets, to give court jurisdiction (Code, §§ 96, 119).

Plaintiff, suing under Code, §§ 96, 119, to compel sale of decedent's real estate to pay claim, must allege and prove insufficiency of personal assets to meet claim, to give court jurisdiction.

4. **Appeal and error ⬸184—That action to compel sale of decedent's realty to satisfy claim was brought in equity held not ground for complaint, absent objection in lower court (Code, §§ 96, 119).**

That action under Code, §§ 96, 119, to compel sale of decedent's realty to satisfy claim, was brought as suit in equity, *held* not ground for complaint, on ground that issue was essentially one of law, and that defendant had been denied right to jury trial, where no objection nor demand for jury trial was made in lower court.

Appeal from Supreme Court of District of Columbia.

Suit by Mary V. McLaughlin and another against Margaret B. West, administratrix of the estate of Kathleen K. Braitmayer, deceased. Decree for plaintiffs, and defendant appeals. Affirmed.

W. H. Manogue, J. Y. Reeves, D. T. Wright, and Philip Ershler, all of Washington, D. C., for appellant.

S. H. Giesy, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court, sustaining certain claims of appellees as creditors of the estate of Mary V. Sullivan, deceased, and ordering the sale of decedent's real estate for their payment; the personal estate of decedent being insufficient to pay them.

The decedent, Mrs. Sullivan, a resident of the District of Columbia, departed this life intestate on July 28, 1923, leaving neither husband nor child surviving her, and the appellant, Kathleen K. Braitmayer, who was her next of kin and sole heir at law, was duly appointed and qualified as sole administratrix of her estate. About a year after her appointment, the administratrix filed in court an affidavit in lieu of an account, stating that she had not come into possession of any assets or credits due the estate; that she had found certain household effects and old jewelry belonging to decedent, but they were of little value; that all of the bills against the estate had been paid by her as sole heir of decedent, except a certain claim preferred by Mary V. McLaughlin for $5,040, for personal services rendered decedent, and a claim of Mrs. H. Shipley, also for services rendered.

Afterwards, to wit, on July 15, 1924, Mary V. McLaughlin and William H. Shipley, as plaintiffs, brought suit in the lower court against Kathleen H. Braitmayer as next of kin, setting out their several claims for serv-

ices rendered to decedent; alleging that the personal assets of the estate were insufficient to pay the same; averring that decedent at the time of her death was the owner of certain described real estate situate within the District of Columbia, subject to a mortgage indebtedness of record in the sum of $4,500; and praying that the real estate should be sold for the payment of their claims. An answer was filed by defendant Kathleen K. Braitmayer denying the validity of plaintiffs' claims.

The issues were heard upon the evidence by the lower court, and a decree was entered, sustaining the claims of the plaintiffs and appointing trustees, with orders to sell the described real estate for the payment thereof. Whereupon this appeal was taken.

[1] In respect to the claim of Mary V. McLaughlin, the testimony tended to prove that she had lived for many years with decedent in her lifetime, sustaining a sisterly relation to her although not actually a relative, it being long supposed however that she was a legally adopted sister; that at the beginning of the World War decedent desired to keep boarders and lodgers at her home in order to increase her income; that the two then began to keep boarders and lodgers in decedent's house, sometimes having as many as 25 persons at a time to care for; that decedent was old and lame, and unable to do much work, and they had no help about the house, consequently plaintiff was compelled to cook, wait on the table, care for the furnace, make the beds, do cleaning and dish washing, clear the sidewalks of snow, and generally to do the labor necessary in order to conduct the establishment; that this continued for about six years, and that during all of that time plaintiff was paid but $70, although decedent told her that she intended to pay her for her work just the same as anybody; that she could not hire a servant, but would pay her $70 a month for the work; also at times saying that plaintiff should have all the property after decedent was gone. The plaintiff also introduced testimony tending to show the value of her services during this period.

The lower court found upon the evidence in favor of this claim, and we think this finding was right. It clearly appears that plaintiff's services were not of a kind performed as a gratuitous contribution by one member of a family for the common benefit of all, rendered for love and affection and without expectation of pay, but that they were performed with the understanding between the parties that they were to be paid for. The proof of the agreement in this case did not depend upon inferences drawn from circumstances only, but is established by evidence of the declarations of the decedent. It should be noted, also, that this is not a suit brought to enforce the specific performance of an oral contract for the conveyance or devise of decedent's real estate to plaintiff, but is one brought to recover compensation under a contract of employment.

As to the separate claim of plaintiff Shipley, it appears that he rendered professional services as a lawyer for decedent, for which he claimed compensation and expenses in the sum of $187.89, and there seems to be little or no dispute about his claim. The finding of the lower court in his favor is sustained by the evidence.

The present suit is brought under section 96, D. C. Code, which provides, that, when any person shall die leaving real estate in possession, remainder, or reversion, and not leaving personal estate sufficient to pay his debts, the court, on any suit instituted by any of his creditors, may decree that all the real estate left by such person, or so much thereof as may be necessary, shall be sold to pay his debts, and this section shall apply to cases where the heirs or devisees are residents or nonresidents.

Section 119, D. C. Code, provides, among other things, that the jurisdiction of the probate court shall not be exclusive of the jurisdiction of the equity court to entertain suits by creditors against executors or administrators or against heirs or devisees, to subject the real estate of decedents to the payment of their debts.

[2] In Plumb v. Bateman, 2 App. D. C. 156, it was said by this court that in a creditors' bill, filed for the purpose of subjecting the real estate of a decedent to the payment of his debts, the general rule is that the executor or administrator is a necessary party. It is added, however, that when there are no personal assets of the decedent, and consequently no qualified executor or administrator, such a bill is maintainable without the presence of an executor or administrator. In the instant case it appears that the same person is the sole heir at law and next of kin of the decedent, and is also the sole administratrix of decedent's estate. These facts are disclosed in the bill, although it is not stated therein that she is sued as administratrix, but only that she is sued in her own right and as heir at law and next of kin. We do not think that this is a fatal omission, for, inasmuch as the defendant personally appeared and answered to the bill, her title as administratrix may be added at any point in the case.

[3] In Dahlgren v. National Saving & Trust

Co., 41 App. D. C. 201, it was said by this court, following Glenn v. Sothoron, 4 App. D. C. 125, that, to authorize the chancellor to pass a decree to sell the real estate to pay the debts of the deceased, the bill must allege an insufficiency of personal assets for that purpose, and must sustain that allegation by proof, and that the jurisdiction of the court is dependent upon this averment. We think these jurisdictional requirements were both satisfied in this case.

[4] It is claimed by appellant that the issue below was essentially one at law, and that because the suit was brought in equity she was denied the right of a trial by jury. This claim is answered by the fact that defendant below did not demand a jury trial, but proceeded without objection to try the issue to the court. Moreover, the relief administered under the statute is not by way of a judgment at law, but by a decree in equity for the enforcement of a creditor's lien upon the decedent's real estate. No personal judgment is rendered herein against decedent's heir.

The decree of the lower court is affirmed, with costs.

Affirmed.